IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARDO LEE TIGNOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09cv291-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

In his 28 U.S.C. § 2255 motion, Tignor contends that he was erroneously sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e), upon his conviction for violating 18 U.S.C. § 922(g), when the district court found that his prior state conviction for felony DUI (in addition to prior state convictions for second-degree burglary and aggravated stalking) constituted a "violent felony" for purposes of the Armed Career Criminal Act. In light of the May 19, 2011, decision of the en banc Eleventh Circuit Court of Appeals in *Gilbert v. United States*, No. 09-12513, 2011 WL 1885674 (11th Cir. May 19, 2011) (en banc), this court deems it appropriate to require the government to file a supplemental response to the § 2255 motion. Accordingly, it is

ORDERED that on or before June 13, 2011, the government shall file a supplemental response addressing the following questions:

1. Whether, in Tignor's case, application of the "violent felony" enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulted in a higher statutory minimum and maximum sentence under § 924(e)?

2. If application of the violent felony enhancement defined in § 924(e)(2)(B) resulted in a higher statutory minimum and maximum sentence under § 924(e), whether Tignor presents a cognizable claim for collateral relief in his § 2255 motion entitling him to be resentenced?

3. Whether Tignor's claim of sentencing error is procedurally defaulted?

Done this 20th day of May, 2011.

       /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE