IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BERNARDO LEE TIGNOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:09cv291-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Bernardo Lee Tignor ("Tignor").

**I.  INTRODUCTION**

On August 22, 2005, pursuant to a plea agreement, Tignor pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1 of the indictment), and possession of a firearm with an altered serial number, in violation of 18 U.S.C. § 922(k) (Count 2). On February 21, 2006, upon finding that Tignor had three prior convictions for violent felonies, the district court sentenced Tignor pursuant to the Armed Career Criminal Act ("ACCA")[1] to 15 years in prison on Count 1 and to 5 years in prison on

---

[1]The ACCA imposes a mandatory minimum sentence of fifteen years if a defendant convicted under 18 U.S.C. § 922(g) has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." *See* 18 U.S.C. § 924(e)(1). A defendant who is sentenced under the ACCA is also an "armed career criminal" under the Sentencing Guidelines, which affects the defendant's offense level and criminal history category. *See* U.S.S.G. §§ 4B1.4(a)-(c). An armed career criminal's offense level is the greatest of
(continued...)

Count 2, the sentences to run concurrently. Tignor did not file a direct appeal.

On March 3, 2009, Tignor filed this motion under 28 U.S.C. § 2255 (*Doc. No. 1*), asserting that he was improperly sentenced under the ACCA and that his sentence exceeds the proper statutory maximum.

## II.   DISCUSSION

The statutory maximum sentence for a defendant convicted *without* the ACCA enhancement is 10 years in prison. *See* 18 U.S.C. § 924(a)(2). However, a defendant convicted of being a felon in possession of a firearm who has three prior convictions for violent felonies faces a statutory *minimum* 15-year prison term under the ACCA. *See* 18 U.S.C. § 924(e)(1). Tignor received this 15-year minimum for his felon-in-possession conviction (Count 1) upon the district court's finding that he was subject to the ACCA enhancement based on three prior convictions for violent felonies.

Tignor argues that under *Begay v. United States*, 553 U.S. 137 (2008), one of his three prior convictions counted by the district court – felony DUI – is not a violent felony under the ACCA and that therefore his sentence with the ACCA enhancement exceeds the proper

---

[1](...continued)
(1) the otherwise applicable offense level; (2) the offense level under U.S.S.G. § 4B1.1 (the career offender provision), if applicable; (3) 34, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (4) otherwise, 33. *See* U.S.S.G. § 4B1.4(b). An armed career criminal's criminal history category is the greatest of (1) the otherwise applicable criminal history category or the criminal history category from § 4B1.1 (the career offender provision), if applicable; (2) VI, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (3) IV. *See* U.S.S.G. § 4B1.4(c).

statutory maximum.[2]  In *Begay*, the Supreme Court held that the offense of felony DUI is not a "violent felony" within the definition contained in 18 U.S.C. § 924(e)(2)(B)(ii), an ACCA enhancement provision.  *See* 553 U.S. at 148.  Tignor contends that, in light of *Begay*, he should be resentenced without application of the ACCA enhancement and within the proper statutory maximum.

The government concedes that, as elucidated by the Supreme Court in *Begay,* felony DUI does not constitute a "violent felony" under the ACCA and consequently states that it does not oppose resentencing Tignor without application of the ACCA enhancement and to a sentence at the low end of the applicable guidelines range,[3] which was contemplated as part of Tignor's original plea agreement in the event it was determined he was not subject to sentencing under the ACCA.  (*Doc. No. 51; see also Plea Agreement at p. 4.*)

Because counting Tignor's felony DUI conviction as a "violent felony" resulted in his being sentenced under the ACCA, to a term of imprisonment that exceeded what otherwise would have been the statutory maximum – and because the government does not oppose resentencing Tignor without application of the ACCA enhancement – this court concludes that Tignor's § 2255 motion should be granted to the extent he challenges his sentence as an

---

[2]The Supreme Court decided *Begay* on April 16, 2008.

[3]Although not opposing Tignor's resentencing, the government suggests that his § 2255 motion should be denied as moot. (*Doc. No. 51.*)  However, a court cannot order resentencing without some grant of federal statutory authority, and 28 U.S.C. § 2255 is the source of such statutory authority in Tignor's case.

armed career criminal under the ACCA[4] and that Tignor should be resentenced without application of the ACCA.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1.  Tignor's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255 (*Doc. No. 1*) be GRANTED to the extent that Tignor challenges his sentence as an armed career criminal under the ACCA, and that Tignor be resentenced without the ACCA and with the benefit of any applicable reduction.

2.  Tignor's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255 be DENIED to the extent that Tignor requests any other relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 28, 2011.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

---

[4]Tignor also raises claims that (1) there was no factual basis established for his guilty plea to possession of a firearm by a convicted felon; (2) his guilty plea was not knowing and voluntary due to his "mental illness"; and (3) his trial counsel was ineffective for (a) failing to inform him of the possible sentence he faced and (b) failing to have him mentally evaluated. (*Doc. No. 1*.) Tignor's claims in this regard amount to nothing more than conclusory assertions that are wholly unsupported by the record.  Therefore, he is not entitled to § 2255 relief based on these claims.

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 15th day of September, 2011.


                                       /s/Wallace Capel, Jr.
                                       WALLACE CAPEL, JR.
                                       UNITED STATES MAGISTRATE JUDGE